IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SYLVESTER HATCHER,                )
                                  )
        PLAINTIFF,                )
                                  )
VS.                               )   CV-02-H-1044-S
                                  )
SPECTRUM STORES, INC.,            )
                                  )
        DEFENDANT.                )

FILED 02 DEC 16 PM 1:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 16 2002

## MEMORANDUM OF DECISION

On November 21, 2002 defendant filed a comprehensive motion to compel discovery with multiple attachments. Defendant also filed at the same time the three-page affidavit, with attachments, of Tracie M. Walczak, counsel for defendant. Based upon such affidavit the court concluded that plaintiff was flagrantly disregarding his obligation under Fed. R. Civ. P. Rules 33 and 34, as well as 26. The court also concluded that his failure to respond to reasonable discovery requests was so flagrant as to suggest bad faith, as well as willful and intentional misconduct. The court concluded that anything less than a threat of a sanction of dismissal should plaintiff not promptly cure the failure would not provide a satisfactory result. Accordingly, in its November 22, 2002 order the court ordered defendant to supply a copy of the documents which were the subject of the motion by December 9, 2002. The court



expressly put plaintiff on notice that a failure to comply with such order could well result in a dismissal of plaintiff's action. The court was so certain that a sanction of dismissal would be appropriate should plaintiff fail to comply with the order that the court directed him, should he fail to comply, to show cause, if any there be, in writing by December 13, 2002 why the court should not dismiss the action for such failure.

The court has before it the two-page document filed by plaintiff December 2, 2002 and the three-page document filed by plaintiff on December 6, 2002.[1] Those documents, together with the absence of any other documents or response to the November 22, 2002 order, satisfy the court that plaintiff has indeed acted willfully and in bad faith in failing to obey the November 22, 2002 order, and that such failure can only be viewed as plaintiff's intentional fault. See National Hockey League v. Met. Hockey Club, 427 U.S. 639 (1976). Further, plaintiff's failure is not the result of simple negligence or misunderstanding. Even though plaintiff is proceeding pro se, his conduct is more than a simple inability to comply.

The court is aware that dismissal is the ultimate sanction. The court, prior to entering its November 22, 2002 order, considered lesser sanctions and concluded that any lesser

---

[1] The court observes that plaintiff failed to comply with the order entered April 30, 2002 regarding service of process on counsel for defendant.

2

sanction would be futile.  Plaintiff's conduct subsequent to that order more than justifies the court's conclusion.

Based upon the foregoing, the court will enter as a sanction an order dismissing this action, with prejudice.  Since defendant will no longer be exposed to attorney's fees as a result of the dismissal of this action, the court concludes that an award of attorneys fees may not be appropriate.  But should this case continue beyond this point, the court will review the issue of attorney's fees for the failure of plaintiff to comply with discovery requests and with the November 22, 2002 order.

DONE this ___16th___ day of December, 2002.

                                                                       /s/ James H. Hancock
                                         SENIOR UNITED STATES DISTRICT JUDGE

3